# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| AKIEL DAVIS-ROGERS,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>JOHN DOE and JAMALL RUSSELL,<br><br>　　　　　　　　Defendants. | Case No. 23-CV-791-JPS<br><br>**ORDER** |

Plaintiff Akiel Davis-Rogers, an inmate confined at Waupun Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that his due process rights were violated. ECF No. 1. On October 4, 2023, the Court screened Plaintiff's complaint, found that if failed to state a claim, and allowed him the opportunity to file an amended complaint. ECF No. 8. This Order screens Plaintiff's amended complaint, ECF No. 9.

1. **FEDERAL SCREENING STANDARD**

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

2.  **PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges that on November 1, 2022, Defendant John Doe served Plaintiff a disciplinary ticket. ECF No. 9 at 2. Plaintiff decided to do a full due process hearing so he could have a hearing and the opportunity to be heard. *Id.* John Doe agreed and made Plaintiff electronically sign the ticket. *Id.* John Doe was then obligated to take the necessary steps for Plaintiff to receive a hearing. *Id.* John Doe came back with a witness form so Plaintiff could call a witness. *Id.*

Plaintiff stopped Defendant Jamall Russell ("Russell") for another witness form because Plaintiff had made mistakes on his form. *Id.* at 3. Plaintiff asked Russell questions about the due process hearing because Plaintiff was unfamiliar with the process. *Id.* Russell agreed to get Plaintiff

a new witness form; Russell told Plaintiff that he was new and that he had to ask John Doe about the process. *Id.* Russell came back with the witness form and explained the process to Plaintiff. *Id.*

Plaintiff wrote to segregation phone security about not getting his temporary lock-up phone call. *Id.* Security told Plaintiff that he was Disciplinary Separation 1 and had already made his phone call for the month. *Id.* Plaintiff asked the unit sergeant to investigate his classification and told the sergeant that he should have a hearing because he exercised his full due process rights. *Id.* The sergeant then told Plaintiff that the computer showed an uncontested disposition was accepted by Plaintiff. *Id.* at 4. Plaintiff stopped Russell and explained the situation to him. *Id.* Russell told Plaintiff that he would be a witness for him to appeal to the warden and to the due process captain because of John Doe's procedural error. *Id.*

On November 7, 2022, Plaintiff wrote to the captain about John Doe's procedural error and the captain replied that there was nothing he could do because the ticket was finalized on November 2, 2022. *Id.* at 3. On November 29, 2022, Plaintiff wrote the security director about John Doe's procedural error. The director replied that Plaintiff could argue his position during the conduct report hearing. *Id.* On November 28, 2022, Plaintiff wrote to the warden about John Doe's procedural error; the warden replied, "I am seeing a signature from you for the uncontested CR. Your most recent CR. Unfortunately the uncontested CR stands." *Id.* On December 9, 2022, the warden received Plaintiff's appeal of a contested hearing. *Id.* On December 15, 2022, the warden made a decision to give Plaintiff a re-hearing because of John Doe's procedural error, which Plaintiff believes violated his due process rights. *Id.* at 5. Plaintiff was in segregation for thirty-five days without due process. *Id.* at 4–5.

### 3. ANALYSIS

First, it is unclear what claim, if any, Plaintiff intends to bring against Defendant Russell. It appears that Russell did nothing but assist Plaintiff and that Russell did not participate in the alleged due process violation. As such, Plaintiff may not proceed on a claim against Russell. Second, Plaintiff may not proceed against Defendant John Doe on a Fourteenth Amendment claim for a deprivation of liberty without due process. A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient. *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007) (citing *Rowe v. DeBruyn*, 17 F.3d 1047, 1053 (7th Cir. 1994)).

"A prisoner's liberty interest, and incumbent entitlement to procedural due process protections, generally extends only to freedom from deprivations that 'impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prisoner life." *Lekas v. Briley*, 405 F.3d 602, 608 (7th Cir. 2005) (quoting *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995)). In the absence of an "atypical and significant" deprivation, the procedural protections of the Due Process Clause are not triggered. *Id.* Disciplinary segregation can trigger due process protections. *Marion v. Columbia Correctional Inst.*, 559 F.3d 693, 697 (7th Cir. 2009) (citations omitted). When making the determination whether an inmate is entitled to such protections, courts analyze "the combined import of the duration of the segregative confinement and the conditions endured by the prisoner during that period." *Id.* If conditions in segregation are significantly harsher than those in the normal prison environment, then a liberty interest may arise even when the duration of the segregation, standing alone, would not

trigger such an interest. *Id.* at 697–98. On the one hand, "six months of segregation is 'not such an extreme term' and, standing alone, would not trigger due process rights." *Id.* at 698 (quoting *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995)). On the other end of the spectrum, transfer to a maximum-security prison and placement in segregated confinement for an indefinite duration where virtually all sensory and environmental stimuli are denied, little human contact is permitted, and prisoners otherwise eligible for parole are disqualified from parole eligibility, taken together, impose an atypical and significant hardship within the correctional context. *Id.* at 697 (citing *Wilkinson v. Austin*, 549 U.S. 209, 224 (2005)).

Once a liberty or property interest has been invoked, the Court looks to what process was due. Prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty-four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563–69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988). Not only must the requirements of *Wolff* be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994).

Here, Plaintiff's amended complaint does not cure the deficiencies identified in the Court's previous screening order because it does contain facts showing that Defendants interfered with a liberty interest. Plaintiff alleges generally that he was in segregation for thirty-five days without due process, but he does not elaborate on the conditions he experienced during

that time. On these facts, the Court does not determine that Plaintiff suffered an atypical and significant deprivation. *See Marion*, 559 F.3d at 698. Accordingly, based on the allegations in Plaintiff's complaint, the Court cannot determine that Plaintiff had a protected liberty interest. As such, Plaintiff may not proceed on a due process claim.

### 4. CONCLUSION

In sum, the Court finds that the amended complaint fails to state a claim upon which relief may be granted. The Court has allowed Plaintiff the opportunity to amend his complaint and has provided guidance as to how Plaintiff may successfully do so. As such, the Court finds that further amendment would be futile, and the Court will accordingly dismiss this action for Plaintiff's failure to state a claim.

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the amended complaint fails to state a claim; and

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of November, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.